IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEAN CARTER,

                     ORDER

         Petitioner,

                     3:07-cv-00629-bbc

   v.

C. HOLINKA, Warden,
Federal Correctional Institution,
Oxford, Wisconsin,

         Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Petitioner Sean Carter, a prisoner at the Federal Correctional Institution in Oxford Wisconsin, contends that respondent C. Holinka has violated 18 U.S.C. § 3585 by denying him sentence credit for time he served after he was charged with drug possession but before he was convicted. Petitioner has paid the $5 filing fee.

   I cannot issue an order to show cause at this time. As an initial matter, the petition is not signed and verified by petitioner as required by 28 U.S.C. § 2242. Before I may consider the merits of the petition, petitioner must declare under penalty of perjury that the assertions of fact made in his petition are true and correct. Petitioner is to submit a new

1

petition promptly, adding the required verification or declaration at the end of the petition.

Also, the document petitioner attached to his petition does not show that respondent is illegally denying him sentence credit. Petitioner relies on 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Thus, before petitioner is entitled to relief, it must appear from his petition that his preconviction detention was related to the federal sentence he is serving and that the detention has not been credited to another sentence. The document petitioner submitted shows only that he was held in a Kentucky county jail as a "federal prisoner in transit" from October 2, 2000, to April 5, 2001. It does not identify the charge for which he was being held.

In addition, petitioner alleges that when the United States Marshals moved him to Kentucky, he already was serving a sentence in Minnesota state prison. If petitioner's time in Kentucky was credited toward his Minnesota sentence, he would not be entitled to "double credit" for that time. United States v. Walker, 98 F.3d 944, 945 (7th Cir. 1996);

2

Culotta v. Pickett, 506 F.2d 1061, 1064 (7th Cir. 1974).

Accordingly, when petitioner submits his amended petition, he should submit evidence showing that respondent has violated § 3585. In particular, petitioner should submit his sentence calculation prepared by the Bureau of Prisons and any documents that would show whether petitioner's Kentucky incarceration was credited toward his Minnesota sentence.

Finally, I note that petitioner has not submitted the administrative record created as a result of his exhaustion of administrative remedies, which petitioner alleges he has completed. Sanchez v. Miller, 792 F.2d 694, 697 (7th Cir. 1986) (federal prisoners are ordinarily required to exhaust administrative remedies before petitioning for writ of habeas corpus). Although petitioner is not required to submit his exhaustion materials, he is encouraged to do so because they may be useful in considering his claim.

ORDER

IT IS ORDERED that petitioner Sean Carter may have until January 2, 2008, to provide an amended petition that is verified in accordance with 28 U.S.C. § 2242 and additional evidence showing that respondent C. Holinka has denied him sentence credit in violation of 18 U.S.C. § 3585. If petitioner does not respond to this order by January 2, I will dismiss this case for petitioner's failure to show that he is in custody in violation of

3

federal law.

Entered this 5th day of December, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge