IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEAN CARTER,

                                                                                      ORDER

                      Petitioner,

                                                                                3:07-cv-00629-bbc

     v.

C. HOLINKA, Warden,
Federal Correctional Institution,
Oxford, Wisconsin,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Petitioner Sean Carter, a prisoner at the Federal Correctional Institution in Oxford Wisconsin, contends that respondent C. Holinka has violated 18 U.S.C. § 3585 by denying him sentence credit for time he served after he was charged with drug possession but before he was convicted. Petitioner has paid the $5 filing fee.

      In an order dated December 5, 2007, I directed petitioner to file an amended petition because the one he submitted was not signed and verified by him as required by 28 U.S.C. § 2242. In addition, I informed petitioner that before I could issue an order to show cause, he would have to submit evidence showing that respondent had denied him sentence credit in violation of §3585. In other words, petitioner would have to show that he was in custody

in violation of federal law, which is what he must do to obtain relief under § 2241.

Petitioner has filed an amended petition that complies with §2242, but his new submission still fails to show that respondent has violated § 3585. In fact, it shows the opposite.

Under 18 U.S.C. § 3585(b), a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed" so long as the time served "has not been credited against another sentence." Thus, petitioner is not entitled to an order to show cause unless it appears from his petition that his preconviction detention was related to the federal sentence he is serving and that the detention has not been credited to another sentence. In other words, a prisoner is not entitled under § 3585 to "double credit" for time served. United States v. Walker, 98 F.3d 944, 945 (7th Cir. 1996); Culotta v. Pickett, 506 F.2d 1061, 1064 (7th Cir. 1974).

The document petitioner submitted with his original petition showed only that he was held in a Kentucky county jail as a "federal prisoner in transit" from October 2, 2000, to April 5, 2001, but it provided no information regarding whether petitioner had received credit for this time with respect to the sentence he is currently serving or with respect to another sentence. In particular, petitioner failed to show whether he received credit toward the sentence he was serving in Minnesota state prison at the time the federal authorities took custody of him.

Petitioner's amended petition confirms that the time he spent in Kentucky county jail was not credited toward his current sentence, but he has still failed to show whether he received credit toward the sentence he was serving in Minnesota. Rather, the materials attached to his petition suggest strongly that he did receive such credit.

The exhaustion materials petitioner filed with his petition show that respondent denied petitioner federal sentence credit under § 3585 for the time he spent in Kentucky county jail because "the same period of time was awarded toward the service of [his] state sentence." Petitioner concedes that he has no evidence to contradict this assertion. Pet., dkt, #3, at 1 ("I have no pr[oof] one way or the other whether Minnesota credited me with this period between October 2, 2000, to April 5, 2001.")

Petitioner appears to believe that it is irrelevant whether he received credit toward his state sentence and that all that matters is that he was in federal custody. Pet., dkt. #3, at 2 ("[E]ven if [the time served in Kentucky county jail was credited toward the state sentence,] I had no control over that and I was in Federal Custody during the specific days challenged.") However, as I explained above, being in federal custody is only part of the inquiry. Section 3585 does not entitle petitioner to credit that he has received for another sentence: "The statute is explicit that you can get credit against only one sentence." Walker, 98 F.3d at 945.

Because petitioner has failed to show that he is in custody in violation of federal law,

is petition for a writ of habeas corpus is DENIED.

Entered this 19th day of December, 2007.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge